United States District Court<br>For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO CESAR IBANEZ,<br>        Plaintiff,<br>   v.<br>M. L. MILLER; et al.,<br>        Defendants.<br>_____/ | No. C 09-4576 MHP (pr)<br><br>**ORDER OF SERVICE** |

### INTRODUCTION

Julio Cesar Ibanez, an inmate currently at Corcoran State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review pursuant to 28 U.S.C. §1915A.

### BACKGROUND

Most of the events and omissions giving rise to the claims in this action occurred while Ibanez was incarcerated at Pelican Bay State Prison. Ibanez alleges the following:

On or about May 24, 2005, Ibanez expressed a need for protective custody to a member of the Pelican Bay correctional staff. Ibanez then was interviewed by sergeant Rice about gang activity in the prison. The staff searched Ibanez's housing unit and reportedly found a lot of contraband and weapons. Sergeant Rice interviewed Ibanez again later that night; this time, he was interested in obtaining additional information on other inmates' prison gang affiliations. Ibanez was unable to provide any more information, so the interview concluded.

Ibanez remained in administrative segregation, where nothing apparently happened with regard to his request for protective custody until November 8, 2005, when he was interviewed by defendant M. L. Miller regarding his safety concerns and requested placement in the special needs yard. After that interview, Ibanez wrote a summary of what had taken place on May 24, 2005 in response to Miller's request. Ibanez was interviewed by Miller a second time on November 23, 2005. At that time, Miller accused Ibanez of being a member of the Mexican Mafia prison gang and remained convinced of this, even though Ibanez denied it. Miller denied Ibanez's requests for placement in the special needs yard and protective housing.

On November 30, 2005, Ibanez was taken before the facility committee, the members of which were defendants F. Jacquez, M. Foss, E. Douglass, and D. Bruce. The facility committee evaluated him and rejected his requests for placement in the special needs yard and protective housing.

Ibanez was transferred to High Desert State Prison on or about March 22, 2006. He was let out of his cell for recreational purposes for the first time on April 4, 2006. He was attacked from behind and stabbed 43 times by two Southern Mexican assailants. He was once again segregated for safety concerns that day.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. §1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §1915A(b)(1),(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins,

487 U.S. 42, 48 (1988).

The Eighth Amendment's prohibition of cruel and unusual punishment requires that prison officials take reasonable measures for the safety of inmates. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). In particular, officials have a duty to protect inmates from violence at the hands of other inmates. See id. at 833. A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's safety. See id. at 834. To be liable in a failure to prevent harm situation, the official must know of and disregard an excessive risk to inmate safety. See id. at 837.

Liberally construed, the complaint states a § 1983 claim against defendants M. L. Miller, F. Jacquez, M. Foss, E. Douglass, and D. Bruce for their alleged activities that Ibanez contends amounted to deliberate indifference to a risk to his safety. These defendants allegedly refused to accommodate his request for placement in the special needs yard and protective housing after he divulged to prison staff information about gang activities and contraband in prison.

## CONCLUSION

For the foregoing reasons,

1.  Plaintiff has stated cognizable § 1983 claims against defendants M. L. Miller, F. Jacquez, M. Foss, E. Douglass, and D. Bruce for a violation of his Eighth Amendment rights. All other defendants and claims are dismissed.

2.  The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint and this order upon the following defendants, all of whom apparently work on the correctional staff at Pelican Bay State Prison:

- M.L. Miller
- F. Jacquez
- M. Foss
- E. Douglass
- D. Bruce

3.  In order to expedite the resolution of this case, the following briefing schedule

3

for dispositive motions is set:

      a.    No later than **July 23, 2010**, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, they must so inform the court prior to the date the motion is due.

      b.    Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendant no later than **August 27, 2010**. Plaintiff must bear in mind the following notice and warning regarding summary judgment as he prepares his opposition to any summary judgment motion:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. (See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).

Plaintiff also should take note that defendants may file a motion to dismiss for failure to exhaust administrative remedies instead of or in addition to a motion for summary judgment. A motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, result in the dismissal of the action. The plaintiff must "develop a record" and present it in his opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

      c.    If defendants wish to file a reply brief, they must file and serve the reply brief no later than **September 3, 2010**.

4

4. All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel.  The court may disregard any document which a party files but fails to send a copy of to his opponent.  Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

6. Plaintiff is responsible for prosecuting this case.  Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).   Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

7. Any document plaintiff sends to the court for filing must be sent in an envelope addressed to the clerk, rather than addressed to the undersigned, so that the materials will reach the court file and be docketed.

IT IS SO ORDERED.

Dated: May 11, 2010

_____
Marilyn Hall Patel
United States District Judge